UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| DEBORAH LOGERFO, | ) | |
| | ) | |
| PLAINTIFF | ) | |
| | ) | |
| vs. | ) | **SECOND AMENDED** |
| | ) | **COMPLAINT** |
| | ) | |
| CITY OF NEW YORK and Bill de Blasio in his official capacity as Mayor, City of New York; | ) | |
| | ) | |
| CITY OF NEW YORK POLICE DEPARTMENT and James P. O'Neill in his official capacity as Commissioner, City of New York Police Department; | ) | **Civil Action No. 2:17-CV-00010** |
| | ) | |
| COUNTY OF NASSAU, NEW YORK and Edward P. Mangano in his official capacity as County Executive, County of Nassau, New York; | ) | |
| | ) | |
| NASSAU COUNTY OFFICE OF EMERGENCY MANAGEMENT and Craig J. Craft, in his official capacity as Commissioner, Nassau County Office of Emergency Management; | ) | |
| | ) | |
| COUNTY OF SUFFOLK, NEW YORK and Steven Bellone in his official capacity as County Executive, County of Suffolk, New York; | ) | |
| | ) | |
| SUFFOLK COUNTY OFFICE OF EMERGENCY MANAGEMENT and Joseph F. Williams in his official capacity as Commissioner, Suffolk County Office of Emergency Management; | ) | |
| | ) | |
| DEFENDANTS. | ) | |

1

## **PRELIMINARY STATEMENT**

1. In the following counties and municipalities, a person who has deafness or have hearing loss, or has speech or communication disabilities, cannot contact 911 via text message and is therefore in many circumstances unable to access critical 911 services, which are available to individuals without disabilities: Bronx County, Kings County, Nassau County, New York County, Queens County, Richmond County, and Suffolk County.

2. Individuals who have deafness or have hearing loss, or have disabilities that impair their speech and communication, cannot report crimes, fires, motor vehicle accidents, or medical emergencies via text, placing these individuals and others at risk by delaying their access to emergency services.

3. The failure to make 911 accessible to individuals with such disabilities violates both Title II of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12131 et seq., and Section 504 of the Rehabilitation Act of 1973 ("Section 504"), 29 U.S.C. § 794.

4. As relief, Plaintiff seeks an order from this Court enjoining Defendants to provide direct, immediate, and equal access to emergency 911 services through the activation of text-to-911 technology.

## **JURISDICTION**

5. This is an action for declaratory and injunctive relief brought pursuant to Title II of the ADA, 42 U.S.C. § 12131 et seq. and Section 504, 29 U.S.C. § 794 et seq. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343.

6. This Court has jurisdiction to issue declaratory relief pursuant to 28 U.S. § § 2201 and 2202.

## VENUE

7. Pursuant to 28 U.S.C. § 1391(b), venue is proper in the Eastern District of New York because Defendants are located within this District and a substantial part of the events or omissions giving rise to the claims alleged herein occurred in this District.

## PARTIES

8. Plaintiff Deborah LoGerfo is a resident of Suffolk County, New York.

9. Plaintiff LoGerfo has a hearing loss and communicates primarily with written notes; emails and text messages; closed captioning; and lipreading.

10. Plaintiff LoGerfo cannot communicate via telephone.

11. Plaintiff LoGerfo travels throughout New York City and Long Island.

12. Defendant City of New York is a municipal corporation.

13. Defendant City of New York is located at City Hall, New York, NY 10007.

14. Defendant City of New York Police Department is a department of the City of New York.

15. Defendant City of New York Police Department operates the 911 system in Kings, Queens, and Richmond Counties.

16. Defendant City of New York Police Department is located at 1 Police Plaza Path, New York, NY 10007.

17. Defendant County of Nassau is a county of the State of New York.

18. Defendant County of Nassau is located at County Government Office, 1550 Franklin Avenue, Mineola, NY 11501.

19. Defendant Nassau County Office of Emergency Management is a department of County of Nassau.

20. Defendant Nassau County Office of Emergency Management operates the 911 system in Nassau County.

21. Defendant Nassau County Office of Emergency Management is located at 510 Grumman Rd W, Bethpage, NY 11714.

22. Defendant County of Suffolk is a County of the State of New York.

23. Defendant County of Suffolk is located at H. Lee Dennison Bldg, 100 Veterans Memorial Hwy, Hauppage, New York 11788.

24. Defendant Suffolk County Office of Emergency Management is a department of the County of Suffolk, NY.

25. Defendant Suffolk County Office of Emergency Management operates the 911 system in Suffolk County.

26. Defendant Suffolk County Office of Emergency Management is located at 30 East Ave, Yaphank, NY 11980.

## STATEMENT OF FACTS

27. Several years ago, Plaintiff LoGerfo encountered a car on fire while traveling on Route 135 North in Plainview, New York. Plainview is located in Nassau County.

28. Plaintiff LoGerfo called 911 to report the car fire.

29. The 911 operator asked Plaintiff LoGerfo multiple questions.

30. Plaintiff LoGerfo told the operator that she was unable to understand the questions.

31. Plaintiff LoGerfo and the operator repeated this exchange several times.

32. Plaintiff LoGerfo could not communicate crucial information to the 911 operator because of her disability.

33. Plaintiff LoGerfo was denied and continues to be denied meaningful access to 911 services in Suffolk County, Nassau County, and New York City.

34. In the areas in which Defendants provide emergency services, individuals without disabilities can use telephones, mobile phones, and voice over internet protocol to dial 911 and receive immediate access to emergency police, fire, and medical services provided by Defendants.

35. Individuals with disabilities that impair their ability to speak or to hear conversations on a telephone cannot contact 911 by voice.

36. Individuals with disabilities that impair their hearing or communication cannot independently access 911 services.

37. Because Defendants do not accept 911 text messages, Plaintiff LoGerfo cannot independently access 911 services.

38. Plaintiff LoGerfo possesses a cell phone which she wishes to use to contact 911 via text as needed.

39. People without disabilities can contact 911 by telephone or cell phone if they have a medical emergency while away from home.

40. Individuals who have hearing, speech, or communication disabilities cannot contact 911 because of the absence of a text-to-911 service.

41. People without disabilities can contact 911 by telephone or cell phone if they are the witness to or the victim of a crime.

42. Individuals who have hearing, speech, or communication disabilities cannot contact 911 because of the absence of a text-to-911 service.

43. People without disabilities can contact 911 by telephone or cell phone if there is a fire or gas leak.

44. Individuals who have hearing, speech, or communication disabilities cannot contact 911 because of the absence of a text-to-911 service.

45. As a result of Defendants' failure to implement text-to-911 services, individuals with disabilities do not have the direct, meaningful, reliable, and immediate access to emergency 911 services including medical, fire, and police services which is enjoyed by persons without disabilities.

46. As a result, individuals with disabilities who cannot contact 911 may suffer property loss, severe injury, or death.

**FIRST CLAIM FOR RELIEF**
**TITLE II OF THE AMERICANS WITH DISABILITIES ACT**

47. Plaintiff re-alleges and incorporates herein all previously alleged paragraphs of the Complaint.

48. Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.

49. A "public entity" includes state and local governments, their agencies, and their instrumentalities. 42 U.S.C. § 12131(1).

50. Defendants are therefore public entities under the ADA.

51. Title II of the ADA and its implementing regulations require that public entities "take appropriate steps to ensure that communications with applicants, participants, members of the public, and companions with disabilities are as effective as communications with others." 28 C.F.R. § 35.160(a)(1).

52. Defendants have discriminated and continue to discriminate against Plaintiff LoGerfo by denying her access to Defendants' 911 emergency services, in violation of Title II of the ADA.

53. Defendants have discriminated and continue to discriminate against Plaintiff LoGerfo by failing to provide appropriate auxiliary aids and services enabling her to access Defendants' 911 emergency services, in violation of Title II of the ADA.

54. Defendant's conduct is a present and ongoing violation of Title II of the ADA.

## SECOND CLAIM FOR RELIEF
## SECTION 504 OF THE REHABILITATION ACT OF 1973

55. Plaintiff re-alleges and incorporates herein all previously alleged paragraphs of the Complaint.

56. Section 504 provides that "no otherwise qualified individual with a disability in the United States . . . shall, solely by reason of his or her disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving federal financial assistance." 29 U.S.C. § 794(a).

57. Defendants have received federal financial assistance at all relevant times.

58. Defendants have discriminated and continue to discriminate against individuals with disabilities on the basis of their disabilities by denying them access to Defendants' 911 emergency services, and appropriate auxiliary aids and services enabling them to access Defendants' 911 emergency services, in violation of Section 504.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests relief as set forth below:

1. Issue a declaratory judgment that Defendants' policies, procedures, and practices have subjected and continue to subject Plaintiff LoGerfo to discrimination in violation of Title II of the ADA and Section 504;

2. Order Defendants to promptly implement text-to-911 services to communicate with Defendants' emergency services;

3. Order Defendants to develop and comply with policies, procedures, and practices to ensure that individuals with disabilities may communicate with 911 services via text message;

4. Order Defendants to train all their representatives and employees on the rights of individuals with disabilities under the ADA and Section 504, as well as provide training on Defendants' policies and procedures for accepting text messages to 911;

5. An award of reasonable attorneys' fees and costs; and

6. Such other and further relief as the Court deems just and proper.

Dated: May 26, 2017
Brooklyn, New York


By: /S/ Elizabeth Grossman

ELIZABETH GROSSMAN EG2478

SARA LISS SL4649

DISABILITY RIGHTS NEW YORK
Attorneys for Plaintiff

25 Chapel Street, Suite 1005
Brooklyn, NY 11201
(518) 432-7861 x 4959 (voice)
(518) 512-3448 (TDD)
(518) 427-6561 (Fax) (not for service).

9