UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

DEBORAH LOGERFO,

Plaintiff,

-against-

COUNTY OF NASSAU, NEW YORK;
NASSAU COUNTY OFFICE OF
EMERGENCY MANAGEMENT;

Defendants.

2:17-cv-00010 (JMA)(LGD)

**STIPULATION OF SETTLEMENT AND PROPOSED ORDER**

This STIPULATION OF SETTLEMENT ("Stipulation") is made by and between Plaintiff Deborah LoGerfo ("Plaintiff) and Defendants County of Nassau, New York and Nassau County Office of Emergency Management (the "Nassau Defendants") (collectively, "Parties").

## RECITALS

A.       In January 2017, Plaintiff filed a complaint in this Court (Case No. 2:17-CV-00010) against the City Defendants, the Suffolk Defendants, and the Original Nassau Defendants,[1] alleging that by failing to provide access to 911 emergency services via text message, the City Defendants, the Suffolk Defendants and the Original Nassau Defendants failed to provide effective communication with individuals with hearing and speech disabilities, in violation of Title II of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C.

---

[1] Plaintiff names the following defendants in the Second Amended Complaint: City of New York and Bill de Blasio in his official capacity as Mayor, City of New York; City of New York Police Department and James P. O Neill in his official capacity as Commissioner, City of New York Police Department (together, the "City Defendants"); County of Nassau, New York and Edward P. Mangano in his official capacity as County Executive, County of Nassau, New York; Nassau County Office of Emergency Management and Craig J. Craft, in his official capacity as Commissioner, Nassau County Office of Emergency Management (together with County of Nassau, the "Original Nassau Defendants"); County of Suffolk, New York and Steven Bellone in his official capacity as County Executive, County of Suffolk, New York; and Suffolk County Office of Emergency Management and Joseph F. Williams in his official capacity as Commissioner, Suffolk County Office of Emergency Management (together with County of Suffolk, the "Suffolk Defendants").

1

§ 12101, *et seq*., and Section 504 of the Rehabilitation Act of 1973 ("Rehab Act"), 29 U.S.C. § 794 ("Action").

      B.      In a Memorandum and Order (Dkt. 67) issued on May 8, 2020, this Court dismissed the claims against the City Defendants, Edward P. Mangano, in his official capacity as County Executive, County of Nassau, New York, and Craig J. Craft, in his official capacity as Commissioner, Nassau County Office of Emergency Management.

      C.      The Nassau Defendants motion to dismiss Plaintiff's claims was denied. (Dkt. 67).

      D.      In a Memorandum and Order (Dkt. 72) issued on March 1, 2021, this Court dismissed the claims against the Suffolk Defendants.

      E.      Following settlement discussions on May 1, 2023, the Parties reached an agreement to fully and finally resolve this action by settlement without the need for further litigation, expense, or Court intervention, which they now memorialize in this Stipulation.

NOW THEREFORE, in consideration of the mutual promises, covenants, representations, and other consideration contained in this Stipulation, Plaintiff and the Nassau Defendants hereby agree as follows:

1. **Definitions**

The following terms as used in this Stipulation shall be defined as follows:

    a. "Live" means that text-to-911 services are fully operational and that emergency call takers can field emergency messages from individuals via text message.

    b. "Effective date" means the date the Court "so orders" this Stipulation.

2

Case 2:17-cv-00010-JMA-LGD   Document 109-1   Filed 05/02/23   Page 3 of 11 PageID #: 672

c. "Text-to-911" means a service which allows an individual the ability to send a text message to reach 911 emergency call takers from their mobile phone or device.

**2. Dismissal of Action**

Upon the Court "so ordering" this Stipulation, the Action, and all claims asserted within, is dismissed with prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii) and without payments, attorney's fees, costs, disbursements, or expenses except as specified in Paragraph 4 of this Stipulation.

**3. No Admission of Liability**

This Stipulation and any actions taken pursuant to it are made solely to avoid the burdens and expenses of protracted litigation and shall not constitute an admission of wrongdoing or liability.

**4. Release**

For and in consideration of the agreements set forth in this Stipulation and other good and valuable consideration, the sufficiency and receipt of which are hereby acknowledged, and except for the rights and obligations set forth in this Stipulation, Plaintiff, on behalf of herself, administrators, successors, and assigns ("Releasing Party"), hereby release and forever discharge the Nassau Defendants, together with their present and former agencies, authorities, commissions, departments, divisions, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, agents, attorneys, insurers, and assigns, whether in an individual or official capacity, or any of them, or all of them (collectively, "Released Parties") from all manner of actions, proceedings, suits, grievances, injuries, debts, obligations, dues, sums of money, accounts, contracts, controversies, agreements, promises, damages, judgments, claims,

3

and demands whatsoever, direct or indirect, known or unknown, discovered or undiscovered, that the Releasing Party incurred in connection with the Action up to and including the date of this Stipulation related to any and all rights, claims, causes of action, grievances related to or arising out of the acts, transactions, occurrences, or omissions that are described, alleged, or contained in the Action. Plaintiff is not waiving or releasing any non-waivable statutory protections or any constitutional rights.

5. **The Nassau Defendants' Responsibilities**

The Nassau Defendants' hereby agree as follows:

   a. The Nassau Defendants shall implement and make live text-to-911 services in Nassau County by September 15, 2023.

   b. Within 45 days of text-to-911 services becoming live in Nassau County, Nassau County shall publish public service announcements advertising the availability of the new emergency response feature. The primary objective of the public service announcements shall be to provide information about the availability of text-to-911 services to those in need of emergency services. The Nassau Defendants will provide Plaintiff's counsel with copies of the public service announcements five (5) business days prior to publication. All public service announcement, flyers, or posters shall be made available in both English and Spanish.

      i. At least one public service announcement shall be a written announcement to be shared through Nassau County's official social media platforms, including, but not limited to, Facebook, Twitter and Instagram two (2) times a week for 12 weeks, and

        published in Nassau County's Monthly Newsletter for three (3) months.

    ii. Post a flyer or poster explaining the text-to-911 system, to be displayed in at least one conspicuous location in the following public building(s) where Nassau County conducts county business for a period of 12 months:

        A. 1 West Street, Mineola, NY 11501

        B. 1550 Franklin Avenue, Mineola, NY 11501

        C. 1490 Franklin Avenue, Mineola, NY 11501

        D. 240 Old Country Road, Mineola, NY 11501

        E. 100 Charles Lindbergh Boulevard, Uniondale, NY 11553

    iii. Notice shall be provided in writing to every school district in Nassau County.

c. Within 120 days from the date text-to-911 services go live in Nassau County, and on yearly anniversaries for three (3) years following, the Nassau Defendants shall provide Plaintiff's counsel with statistics and information measuring the following:

    i. The total number of emergency services calls and/or texts received.

    ii. The number of texts sent to 911 initiating contact with emergency services.

    iii. The average time between initiation of contact with emergency services via voice call and the arrival of emergency assistance.

    iv. The average time between initiation of contact with emergency

    services via text and the arrival of emergency assistance.

  d. Within forty-five (45) days of the effective date of the Stipulation of Settlement, the Nassau Defendants agree to pay to Plaintiff's counsel, Disability Rights New York ("DRNY"), the sum of fifty thousand dollars ($50,000) ("Settlement Amount Payment"), for which I.R.S. Forms 1099 shall be issued to DRNY, in full and complete satisfaction of any and all claims, allegations, or causes of action against the Nassau Defendants for attorney's fees, costs, disbursements, and expenses that Plaintiff may have for any and all attorneys who have at any time represented, consulted with, or acted on behalf of Plaintiff in connection with the Complaint or this Action. The Settlement Amount Payment shall be made by check payable to the order of DRNY and delivered to DRNY at 279 Troy Road, Ste. 9, #236, Rennselaer, NY 12144.

6. **Disputes**

The parties agree to resolve any disputes related to or arising from this Stipulation in the following manner:

  a) The Nassau Defendants will provide one or more point(s) of contact at the Nassau County Attorneys' Office ("Nassau Contact") for Plaintiff's counsel regarding compliance issues during the term of this Stipulation.

  b) Plaintiff's counsel shall make a notification of a dispute or non-compliance in writing, which can include an email, to the Nassau Contact.

  c) The Nassau Contact shall take all reasonable steps to bring the Nassau Defendants into compliance, and shall keep Plaintiff's counsel duly

apprised of such efforts.

    d) After notifying the Nassau Contact of a dispute or non-compliance to this Stipulation, Plaintiff's counsel shall not take further legal action for at least 15 business days. If, upon the expiration of that period, Plaintiff's counsel determines the that the Nassau Contact has been unable to remediate the issue, or will not timely remedy the issue complained of, the parties agree to meet and confer within seven (7) business days.

    e) If the parties are unable to reach a resolution through the meet and confer, either Party may bring the issue before the Court for resolution.

    f) All costs and expenses to litigate compliance will be awarded as though brought under the Americans with Disabilities Act.

**7. Jurisdiction**

Disputes shall be resolved in a manner consistent with Paragraph 5 of this Stipulation. The parties shall meet and confer in good faith to resolve any dispute arising under this Stipulation prior to submitting any dispute to the Court for resolution. The parties agree that this action shall be dismissed pursuant to Federal Rule of Civil Procedure 41(a)(2), but the Court shall retain jurisdiction to enforce this Stipulation and to resolve any disputes arising thereunder for a term of three (3) years from the date of the so-ordered Stipulation.

**8. Accrual of Interest**

In the event that the Settlement Amount Payment referenced in Paragraph 4 of this Stipulation has not been made in full by the forty-fifth (45th) after receipt by the Nassau County Attorneys' Office of a "So Ordered" copy of this Stipulation entered into the record by the Clerk of Court, together with all other documentation required under Paragraphs 4 of this Stipulation,

interest on any part of the Settlement Amount Payment not paid by the one hundred twentieth day shall accrue on the outstanding principal balance at the statutory rate prescribed by 28 U.S.C. § 1961, beginning on the one hundred and twenty-first day.

### 9. Liability of Plaintiff and Plaintiff's Counsel for Taxes

Plaintiff's counsel agrees that any taxes on the Settlement Amount Payment referenced in Paragraph 4 above, and/or interest or penalties imposed by any taxing authority on such payments, shall be their sole and complete responsibility. Plaintiff's counsel shall have no claim, right, or cause of action against the Nassau County Defendants (including, but not limited to, any and all agencies, departments, or subdivisions thereof) or any of their officials, employees, or agents, whether in their individual or official capacities, on account of such interest or penalties.

### 10. Responsibility of Plaintiff and Plaintiff's Counsel for Liens and Setoffs

Plaintiff and Plaintiff's counsel agree that the Nassau Defendants, nor any of their offices, agencies, departments, divisions, subdivisions, or current or former officials, employees, or agents, whether in their individual or official capacities, shall be responsible for the satisfaction of any liens or the payment of set-offs of any kind that may attach to the Settlement Amount Payment referenced in Paragraph 4 above. Plaintiff and Plaintiff's counsel shall have no claim, right, or cause of action against the Nassau Defendants, or any of their offices, agencies, departments, divisions, subdivisions, or current or former officials, employees, or agents, whether in their individual or official capacities, on account of any such liens or set-offs.

### 11. No Other Counsel

Plaintiff represents and warrants that no attorney other than the undersigned counsel have rendered any legal services or incurred any costs, disbursements, or expenses recoverable pursuant to 42 U.S.C. § 1988 in connection with the Complaint or this Action, and that no other

attorney has a lien for services rendered to Plaintiff, or for costs, disbursements, or expenses incurred on her behalf, pursuant to the provisions of Section 475 of the New York Judiciary Law or otherwise in connection with the Complaint or this Action.

**12. Entire Agreement**

Upon the Court "so ordering" this Stipulation, the Parties agree that the Stipulation shall serve as the sole binding agreement between the Parties, for resolution of this matter. This Stipulation constitutes the entire agreement between the Parties pertaining to the subject matter hereof, and it supersedes, embodies, merges, and integrates all prior and current agreements and understandings of the Parties, whether written or oral, with respect to the subject matter of this Stipulation, and may not be clarified, modified, changed, or amended except in a writing duly executed by the Parties or an authorized representative of the Parties hereto.

**13. Miscellaneous Provisions**

a) <u>Governing Law:</u> The terms of this Stipulation shall be governed by, and construed in accordance with, the laws of the State of New York applicable to contracts to be performed wholly within the State of New York, without regard to choice-of-law rules.

b) <u>Impracticability:</u> Non-compliance with one or more of the terms of this Stipulation is excusable with a showing of impracticability.

c) <u>Severability:</u> If any provision of this Stipulation other than Paragraph 3 shall be held by a court of competent jurisdiction to be invalid, void, or unenforceable in whole or in part, such decision shall not invalidate the remaining portion(s) of this Stipulation or affect its validity.

d) <u>Voluntary Agreement:</u> The Parties hereto execute and deliver this

Stipulation voluntarily after being fully informed of its terms, contents, and effect and acknowledge that she, he, or it understands its terms, contents, and effect. Each of the Parties acknowledges that she, he, or it has been represented by counsel of her, his, or its own choosing before agreeing to any settlement or release, and no compromise or representation of any kind, other than as set forth or referred to herein, has been made to any party hereto or any one acting on behalf of such party.

e) <u>Authority:</u> Each signatory to this Stipulation hereby represents and warrants that he, she, or it has the requisite authority to enter into this Stipulation and has not previously assigned or transferred any rights or interests with respect to the matters covered by this Stipulation.

f) <u>Successors and Assigns:</u> The terms and conditions of this Stipulation shall inure to the benefit of, and be binding upon, the successors and assigns of each party hereto.

g) <u>Execution:</u> This Stipulation may be executed in any number of counterparts, each of which shall be deemed an original and which, taken together shall constitute one and the same instrument, and may be executed by facsimile or electronically scanned signature.

h) <u>Headings:</u> The headings contained in this Stipulation are for convenience or reference only and are not a material part of this Stipulation.

i) <u>Submission to the Court:</u> This Stipulation shall be submitted to the Court to be "so ordered" without further notice.

DEBORAH LOGERFO

*Deborah LoGerfo* (DocuSigned)        5/2/2023

Deborah LoGerfo                       Date

COUNTY OF NASSAU, NEW YORK

By: _[signature]_

RALPH J. REISSMAN        5-01-23
Print Name               Date

DEPUTY COUNTY ATTORNEY
Title

NASSAU COUNTY OFFICE OF EMERGENCY MANAGEMENT

By: _[signature]_

RALPH J. REISSMAN        5-01-23
Print Name               Date

DEPUTY COUNTY ATTORNEY
Title

**SO ORDERED:**

_____

Honorable Lee G. Dunst
United States Magistrate Judge

Dated: